*Corp. v. Board of Adjustment, Township of Freehold,* 119
*N. J. Super.* 140, 145 (App. Div. 1972).

Here it was not shown that the ordinance bore no rational
relationship to the purposes of zoning. As we have already
noted, the evidence in the record justified an opposite con-
clusion.

■ Plaintiffs' final argument is that the amendatory or-
dinance is confiscatory. They argue that in zoning the land
R–3 an excessive burden was placed on land which is tanta-
mount to confiscation.

As noted by the trial judge, the evidence in regard to
using the land was in sharp conflict. Plaintiffs' land was not
zoned into idleness. While an office or multiple dwelling units
may prove more profitable, Judge Byrne found that "[t]he
tract can be developed for one-family houses * * * at a cost
which would be feasible." There was reasonable evidence
to support that finding. In light of the evidence and his
findings, the challenged ordinance cannot be said to be con-
fiscatory.

Affirmed.

INGEBORG MOKSVOLD, EXECUTRIX OF THE ESTATE OF
NILS MOKSVOLD AND INGEBORG MOKSVOLD, JOHN
MOKSVOLD, INGRID JACOBSEN AND HELEN CIACCIO,
INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. FRED-
ERICK L. MEYERS, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 16, 1974—Decided October 30, 1974.

Before Judges MATTHEWS, FRITZ and BOTTER.

Mr. Donald T. Joworisak argued the cause for appellants (Mr. Thomas W. Sharlow, attorney).

Mr. Eugene M. Purcell argued the cause for respondent (Mr. Arthur G. D'Alessandro, attorney).

The opinion of the court was delivered by

FRITZ, J. A. D. Plaintiffs appeal from a denial of their motion for new trial after an adverse jury verdict, in this automobile negligence action involving the death of a pedestrian. They assert as grounds that the verdict was against the weight of the evidence and that the trial judge erred in permitting defendant to read extensively from his deposition during the presentation of plaintiffs' proofs. We find no merit in either ground.

The accident in question occurred in the early morning dark on Route 27 in South Brunswick. It was not denied that an automobile operated by defendant struck and killed plaintiffs' decedent as he was apparently crossing the highway on foot. Defendant testified on his own behalf, and while this testimony may have had some inaccuracies and inconsistencies, nothing approaching negligence as a matter of law, asserted by plaintiffs, appears. Clearly a jury question was made out, fairly submitted, and decided. We find the trial judge to be justified by the record in his observation at the motion for new trial that he was not persuaded of a miscarriage of justice. In such circumstances he correctly refused to preempt the jury function. Dolson v. Anastasia, 55 N. J. 2 (1969). Nor does our careful review of the record disclose a miscarriage of justice under the law. Our duty in this respect, then, is to affirm. R. 2:10–1; Dolson, supra.

■ With regard to the procedural issue, plaintiffs' counsel read extensively — approximately 55 transcript pages — from defendant's deposition. Immediately thereafter and during plaintiffs' case, defendant's attorney was permitted over plaintiffs' objection to read from defendant's deposition in supplementation of plaintiffs' reading. Two things are clear. First, defendant's offer was not a move to compel plaintiffs to offer as a part of their reading other omitted parts "which ought in fairness be considered with the part introduced." *R.* 4:16-1(d). It was an offer of defendant's evidence, said to be "things that were left out and are certainly proper to clear up on the record which might tend to mislead the jury." Second, plaintiffs did not below challenge the admissibility of that which was read nor the right of defendant to read it. Their sole complaint there was that defendant was permitted to read his evidence during the presentation of plaintiffs' case. (As a matter of fact, in framing his objection below — with respect to the "right [of defense counsel] to read everything into the record" — in terms of the timing, plaintiffs' attorney said, "He will have an opportunity on his own case.") Plaintiffs acknowledge the time-honored rule that the procedural conduct of a trial rests in the sound discretion of the trial judge and that no reversal will follow except for an abuse of that discretion. *Munson v. Johnson,* 110 *N. J. L.* 564 (E. & A. 1933). They urge, however, that this rule of law must succumb to that which they conceive to be the implicit direction of *R.* 4:16-1(d), that when any party other than the reading party offers any other parts of the deposition pursuant to the express permission of that rule, he must do it only on his own case. We reject the argument.

■ In the first place, the rule neither says nor implies that which plaintiffs attribute to it. We will not intrude on a salutary and respected long-standing rule of procedural discretion on the basis of an imagined implication. In addition, such an interpretation would prevent the trial judge from accomplishing one of his most important tasks: the preven-

tion of the triumph of gamesmanship over fair play and justice. Selective use of deposition testimony has a real potential for insidious unfairness. Timing may be vital to prophylactic measures in this regard. *Cf. Westinghouse Electric Corp. v. Wray Equipment Corp.*, 286 *F.* 2d 491, 494 (1 Cir. 1961), *cert.* den. 366 *U. S.* 929, 81 S. Ct. 1650, 6 L. Ed. 2d 388 (1961). A trial judge should not be shackled in his efforts to control the problem.

█ The judge below demonstrated a perfect awareness of the problem and the rationale we here articulate, and at the same time impressed upon the record the soundness of the exercise of his discretion in his explanation at the time as to why he overruled plaintiffs' objection and permitted the reading. He said he felt that to permit the contiguous reading "would make more sense to the jury * * * than it would when you [defendant] present your case." We think, in this case at least, he was entirely right.

█ Here plaintiffs belatedly also claim, as plain error since no objection appeared below in this regard (see above), that defendant was permitted to read too much of his own deposition. We need not here determine that issue. We have reviewed the record carefully and find such error — if indeed it was error — lacked the necessary capacity to produce an unjust result in any event. *R.* 2:10–2.

Affirmed.