701 A.2d 970

MARY D'AMATO, BY P. ARLENE MCPHERSON, PLAINTIFF–APPELLANT, v. ROCCO D'AMATO AND RITA D'AMATO, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 15, 1997—Decided November 5, 1997.

Before PETRELLA, SKILLMAN and WERTHEIMER, JJ.

*Gianni Donati* argued the cause for appellant.

*Joseph J. Sena, Jr.* argued the cause for respondents (*Stanton & Stieh*, attorneys; *Mr. Sena*, on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D.

This appeal involves the principles which govern consideration of a motion for summary judgment where a party opposing the motion does not present affidavits or other evidential materials contradicting the moving party's allegations but nevertheless ar-

gues that the case presents credibility issues which must be decided by a trier of fact.

On June 16, 1994, Anthony D'Amato (Anthony), who was hospitalized with terminal cancer, executed a power of attorney appointing his brother Rocco D'Amato (Rocco) and his brother's wife Rita D'Amato (Rita), as his attorneys in fact. Three weeks later, Rita made out a check to Rocco for $10,000, drawn on a joint checking account in the name of Anthony and his wife Mary D'Amato (Mary), who was confined in a nursing home. Anthony died the following month. Sometime thereafter, P. Arlene McPherson was appointed Mary's attorney in fact. When McPherson discovered evidence of the $10,000 check in Anthony and Mary's bank records, she sent a letter to Rocco and Rita asking them how the proceeds had been disbursed. Rocco and Rita responded by a letter which asserted that the check constituted repayment of $10,000 which Rocco had placed with Anthony on October 8, 1992 to conceal from Rita during a period of marital strife. Rocco and Rita did not provide any documentation to substantiate this alleged transaction.

McPherson then brought this lawsuit on Mary's behalf, alleging that Rocco and Mary had converted the $10,000 and seeking both compensatory and punitive damages. After plaintiff deposed Rocco, Rita and a friend of Anthony's, Frank Papera, with whom he allegedly discussed the $10,000 transaction while on a hunting trip, Rocco and Rita moved for summary judgment. The motion was supported by Rocco's certification which asserted that the $10,000 constituted repayment of money Anthony was holding for him and excerpts from Rocco's, Rita's and Papera's depositions. In opposing the motion, plaintiff argued that the case presented credibility issues which should be decided by a jury.

The trial court granted summary judgment, ruling that plaintiff had the burden of proving that the $10,000 check did not represent repayment of money which Rocco had placed with Anthony and that she had not submitted any "certification or affidavit of anyone with personal knowledge who disputes the contention that

the $10,000 check was for money which [Rocco] gave [Anthony] to hold while he and his wife reconciled." The court subsequently denied plaintiff's motion for reconsideration. We reverse and remand for trial.

*Rule* 4:46–2(c), as amended in 1996, provides that summary judgment shall be granted

if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law. An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.

■ The present version of *Rule* 4:46–2(c) reflects the Court's decision in *Brill v. Guardian Life Ins. Co. of Am.,* 142 *N.J.* 520, 666 *A.*2d 146 (1995), which held that a trial court should make the same type of evaluation of evidential materials in ruling on a motion for summary judgment as in ruling on a motion for judgment under *Rule* 4:37–2(b) or *Rule* 4:40–1 or a motion for judgment notwithstanding the verdict under *Rule* 4:40–2. The standard is "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." *Id.* at 523, 666 *A.*2d 146. This is the same standard adopted by the Supreme Court of the United States in *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 *U.S.* 574, 106 *S.Ct.* 1348, 89 *L.Ed.*2d 538 (1986), *Anderson v. Liberty Lobby, Inc.,* 477 *U.S.* 242, 106 *S.Ct.* 2505, 91 *L.Ed.*2d 202 (1986), and *Celotex Corp. v. Catrett,* 477 *U.S.* 317, 106 *S.Ct.* 2548, 91 *L.Ed.*2d 265 (1986). "[T]he essence of the inquiry" under this standard is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Brill, supra,* 142 *N.J.* at 536, 666 *A.*2d 146 (quoting *Anderson v. Liberty Lobby, Inc., supra,* 477 *U.S.* at 251–52, 106 *S.Ct.* at 2512, 91 *L.Ed.*2d at 214). Under this standard genuine "[c]redibility

determinations ... continue to be made by a jury and not the judge." *Id.* at 540, 666 *A.*2d 146.

Although *Rule* 4:46–5(a) states that the mere allegations or denials of pleadings are not evidence which can defeat a motion for summary judgment, there is no particular form of evidential material that either party to a summary judgment is required to present. *Rule* 4:46–2(a) states that a motion for summary judgment may be submitted *"with or without supporting affidavits,"* and *Rule* 4:46–2(c) provides that the motion shall be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, *if any,* show that there is no genuine issue as to any material fact challenged." (emphasis added). Construing the similar provisions of FRCP 56, the Supreme Court concluded that a party may demonstrate its entitlement to summary judgment without presenting any affidavits or other similar materials:

> [W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim. . . . [R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, . . . is satisfied.
>
> [*Celotex Corp. v. Catrett, supra,* 477 *U.S.* at 323, 106 *S.Ct.* at 2553, 91 *L.Ed.*2d at 274.]

Similarly, a party may defeat a motion for summary judgment by demonstrating that the evidential materials relied upon by the moving party, considered in light of the applicable burden of proof, raise sufficient credibility issues "to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." *Brill, supra,* 142 *N.J.* at 523, 666 *A.*2d 146; *see Adickes v. S.H. Kress & Co.,* 398 *U.S.* 144, 160, 90 *S.Ct.* 1598, 1609–10, 26 *L.Ed.*2d 142, 155 (1970) ("Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied *even if no opposing evidentiary matter is presented* )."

■ A case may present credibility issues requiring resolution by a trier of fact even though a party's allegations are uncontradicted. As Chief Justice Vanderbilt observed in *Ferdinand v. Agricultural Ins. Co. of Watertown, N.Y.,* 22 *N.J.* 482, 494, 126 *A.*2d 323 (1956), "[w]here men of reason and fairness may entertain differing views as to the truth of testimony, whether it be uncontradicted, uncontroverted or even undisputed, evidence of such a character is for the jury." *Accord Sons of Thunder, Inc. v. Borden, Inc.,* 148 *N.J.* 396, 415, 690 *A.*2d 575 (1997). Thus, a trier of fact "is free to weigh the evidence and to reject the testimony of a witness, even though not directly contradicted, when it ... contains inherent improbabilities or contradictions which alone or in connection with other circumstances in evidence excite suspicion as to its truth." *In re Perrone's Estate,* 5 *N.J.* 514, 521–22, 76 *A.*2d 518 (1950). Moreover, "[i]t is a well established and obviously salutary rule in this State that the testimony of a witness need not be believed when the only person who could have contradicted the witness is dead." *Id.* at 522, 76 *A.*2d 518; *Gallo v. Gallo,* 66 *N.J.Super.* 1, 5, 168 *A.*2d 228 (App.Div.1961). Consequently, our courts are especially reluctant to deprive a trier of fact of the opportunity to pass upon the credibility of an alleged transaction with a person who is now deceased.

■ We are satisfied that Rocco and Rita's allegation that the $10,000 check constituted repayment of money which Rocco gave to Anthony to conceal from Rita raises a sufficient credibility issue to require resolution by a trier of fact. Initially, we note that Rocco and Rita have the burden of proof on this issue. The power of attorney executed by Anthony imposed a fiduciary duty upon Rocco and Rita to administer Anthony's assets solely for his benefit. *See Albright v. Burns,* 206 *N.J.Super.* 625, 635–36, 503 *A.*2d 386 (App.Div.1986); *Gallo v. Gallo, supra,* 66 *N.J.Super.* at 5, 168 *A.*2d 228. Therefore, Rocco and Rita have the burden of proving that they expended Anthony's funds for his benefit.

The absence of any written documentation to substantiate the alleged 1992 transaction between Anthony and Rocco and the fact

that Anthony is the only person who could have contradicted Rocco's account of that transaction would be sufficient by itself to require a trier of fact to decide the issue. *See In re Perrone's Estate, supra,* 5 *N.J.* at 522, 76 *A.*2d 518. Moreover, Rocco's and Rita's deposition testimony reveal various inconsistencies and other suspicious circumstances which cast doubt on their credibility. For example, Rocco testified that he handed Anthony $10,000 in cash in a large envelope, and Rita testified that she had no reason to believe that Anthony deposited the money in a bank account. Nevertheless, neither Rocco nor Rita ever asked Anthony where he put the cash, and Rocco, who was one of the executors of Anthony's estate, did not search for the money in Anthony's house or among his personal possessions. In addition, although Rocco testified that Rita was unaware of the existence of the $10,000 in cash which he allegedly gave to Anthony to conceal from her, Rita testified that she was aware not only of the money but also where Rocco kept it. Rocco and Rita also gave inconsistent responses to questions relating to whether they asked Anthony to return the $10,000 or Anthony directed Rita to repay the money without being asked. Therefore, a rational trier of fact could disbelieve Rocco and Rita's assertion that the $10,000 check which Rita drew on Anthony and Mary's checking account constituted repayment of money which Rocco had given Anthony to conceal from Rita.[1]

Accordingly, the summary judgment in favor of defendants is reversed and the case is remanded for trial.

---

[1] Our decision should not be read to mean that in every case the party opposing a summary judgment motion may rely only on an unsupported assertion that an uncontradicted position of the adversary requires the trier of fact to make credibility determinations.