NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4365-15T1

WELLS FARGO BANK, NA,

 Plaintiff-Respondent,

v.

CECILLE E. JARRETT,

 Defendant-Appellant,

and

MR. JARRETT, husband of CECILLE
E. JARRETT and PNC BANK, NA,

 Defendants.
_______________________________

 Submitted September 13, 2017 – Decided September 29, 2017

 Before Judges Koblitz and Manahan.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Ocean County, Docket No.
 F-044018-14.

 Cecille E. Jarrett, appellant pro se.

 Reed Smith, LLP, attorneys for respondent
 (Henry F. Reichner, of counsel and on the
 brief).

PER CURIAM
 Defendant Cecille E. Jarrett appeals from an April 29, 2016

final judgment of foreclosure entered after a bench trial.

Defendant argues, as she did at trial, that she paid off the note

and the mortgage was therefore satisfied. The trial judge found

to the contrary, determining her testimony was not credible.

Because the judge based his findings on adequate competent and

credible evidence, we affirm.

 In April 2005, defendant signed a note evidencing a $159,645

loan from plaintiff's predecessor,1 secured by a non-purchase money

mortgage on defendant's home. She defaulted on that loan in

February 2013, resulting in the filing of this complaint in October

2014.

 Seven years prior to defaulting, and one year after her

initial 2005 loan, defendant took out another mortgage loan in

October 2006 in the amount of $101,000 also from Wells Fargo. She

subsequently obtained a $150,000 home equity loan from another

lender in May 2008, paying off the 2006 mortgage of $101,000 to

Wells Fargo at that time.

 Defendant testified she paid off the initial 2005 loan with

the proceeds of the 2006 loan, but in spite of a thirty-day

extension of discovery at her request, defendant introduced no

1
 The loan originated with Wachovia, which merged with plaintiff
Wells Fargo, N.A., in 2010. We will refer to the lender as Wells
Fargo throughout this opinion.
 2 A-4365-15T1
documents to substantiate this claim. Plaintiff presented a Wells

Fargo vice president of loan documentation from Des Moines, Iowa,

who testified based on the bank's business records to the sequence

of events. Plaintiff also introduced into evidence the original

note.

 Based on Wells Fargo's vice president's credible and detailed

sworn testimony and documents, the trial judge found that defendant

had never paid off the 2005 loan for $159,645. The judge found

plaintiff had possession of the note prior to filing the complaint,

affording standing to foreclose, and that defendant did not default

on the mortgage until 2013, years after she claimed the mortgage

had been satisfied. She thus continued to make mortgage payments

to Wells Fargo long after her 2008 loan from another lender.

 When deciding an appeal from a bench trial, we evaluate

whether the findings made are "supported by adequate, substantial

and credible evidence." Rova Farms Resort, Inc. v. Investors Ins.

Co. of Am., 65 N.J. 474, 484 (1974). We give "due regard" to the

ability of the factfinder to judge credibility. D'Amato by

McPherson v. D'Amato, 305 N.J. Super. 109, 115 (App. Div. 1997);

See N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104

(2008) (noting that we should give deference to the factual

findings of the trial court "because it ha[d] the opportunity to

make first-hand credibility judgments" as well as a "'feel of the

 3 A-4365-15T1
case' that can never be realized by a review of the cold record.")

(quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261,

293 (2007)). The trial judge made credibility findings and based

his decision on substantial credible evidence. We therefore

affirm.

 Affirmed.

 4 A-4365-15T1