**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5358-18

ELISSA HORAN,

    Plaintiff-Appellant,

v.

ROBBINSVILLE PUBLIC
SCHOOLS and
ROBBINSVILLE BOARD OF
EDUCATION,

    Defendants-Respondents.

_____

Submitted January 5, 2021 – Decided March 22, 2021

Before Judges Fisher and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1260-17.

Geist Law, LLC, attorneys for appellant (Jared A. Geist, on the briefs).

Methfessel & Werbel, attorneys for respondents (Eric L. Harrison, of counsel and on the brief; Ashley E. Malandre, on the brief).

PER CURIAM

Plaintiff Elissa Horan appeals an order granting defendants' motion for summary judgment in her New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49, case, arguing summary judgment was precluded because: (1) "several material witnesses are now deceased,"[1] (2) "there are material questions of fact," and (3) "even if . . . there are not sufficient issues of material fact in dispute . . . there still remain both legal issues and credibility determinations requiring a trial." We find insufficient merit in these arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(1)(E) and affirm substantially for the reasons set forth in Judge Janetta D. Marbrey's comprehensive oral decision. We add a few brief comments about plaintiff's first point.

Plaintiff's argument that a witness's death precludes summary judgment is contrary to well-established law and, as Judge Marbrey found, misguided. A witness's death does not by itself create a genuine issue of material fact where

---

[1] Although her argument is premised on the death of "several material witnesses," plaintiff identifies only two witnesses: Steven Mayer, who was the Robbinsville school-district superintendent, and Deborah Dauer, a union representative who, according to plaintiff, attended one meeting with plaintiff and plaintiff's principal and vice principal. Plaintiff characterizes them as "material" witnesses but does not reference either of them in her statement of facts. She does not allege either of them witnessed any incident that lead to a request she undergo a fitness-for-duty examination.

A-5358-18

none existed or a credibility issue that must be resolved by a trier of fact. Indeed, an absence of factual issues means that there are no credibility issues to be resolved.

The death of a witness, even a material witness, does not present an insurmountable obstacle for parties in a lawsuit. Through the discovery process, parties may explore evidence related to a deceased witness and may through that process develop information that raises genuine issues of fact as to that evidence. See, e.g., D'Amato by McPherson v. D'Amato, 305 N.J. Super. 109, 116 (App. Div. 1997) (depositions of surviving parties to a transaction revealed inconsistencies and suspicious circumstances). Summary judgment would be inappropriate when a party has been denied that opportunity. See James v. Bessemer Processing Co., 155 N.J. 279, 311 (1998) (finding summary judgment inappropriate when discovery is incomplete and critical facts are within knowledge of the moving party). Judge Marbrey rendered her decision after the close of discovery. Having had the opportunity to conduct discovery, plaintiff failed to establish any genuine issues of material fact.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

3

A-5358-18