**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3129-20

DEVI MA NEWKIRK, LLC,

 Plaintiff-Appellant,

v.

ESTATE OF MARVIN HARRIS,

 Defendant-Respondent.

_____

Argued May 3, 2022 – Decided July 12, 2022

Before Judges Smith and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. LT-000377-21.

Bruce E. Gudin argued the cause for appellant (Ehrlich, Petriello, Gudin, Plaza & Reed, PC, attorneys; Bruce E. Gudin and Erin Ehrlich, on the briefs).

Roberta L. Tarkan argued the cause for respondent.

PER CURIAM

 Devi Ma Newkirk LLC (plaintiff), a residential landlord, brought suit against the Estate of Marvin Harris (defendant), seeking judgment of possession

for an apartment unit Marvin Harris (decedent) had occupied as a tenant for several years prior to his death. Decedent's adult daughter, Destiny Harris (Destiny), lived in the apartment with her father until his death. She remained an occupant of the unit after his death, and she opposed entry of judgment of possession, arguing that she had accrued rights as a tenant while living with her father.

After a trial by videoconference in the Law Division, the court dismissed plaintiff's complaint without prejudice. Plaintiff appealed, arguing among other things, that the court erred by misapplying the controlling law in finding Destiny a tenant. We reverse and remand so that the trial court may apply the principles of Maglies v. Estate of Guy, 193 N.J. 108 (2007), to the extensive record developed at trial. We add the following brief observations.

I.

On February 25, 2021, the court heard testimony from two witnesses, plaintiff's apartment manager Sachin Gupta and Destiny. The court made detailed credibility findings, concluding that Destiny was credible, but finding Gupta incredible. The court also admitted three documents into evidence, only

one of which was objected to: a letter dated December 30, 2017 from Destiny's attorney to apartment manager Gupta.[1]

The court made findings of fact based on the evidence adduced at trial, including that: plaintiff purchased the unit as part of its acquisition of a six-unit apartment building; the previous apartment owner had an oral lease with decedent in the amount of $863 per month and that lease continued unabated through plaintiff's purchase of the building; Destiny continuously resided at the apartment with her father since 2010; plaintiff was on notice as of December 20, 2017 that decedent sought a written lease, and that in the same communication he also sought to add his daughter Destiny as a tenant; plaintiff was aware that decedent wanted to ensure that Destiny continued to reside at the apartment "if anything were to happen to him"; upon the decedent's death in August 2020, Destiny tendered $863 in rent to plaintiff in September 2020, who refused to accept it; and that Destiny continued to pay utility bills at the apartment after her father's death up through the time of trial.

---

[1] The other two documents were not objected to by plaintiff: Destiny's SAT admission ticket for an SAT test date in January 2016; and high-school related correspondence, dated April 11, 2017, mailed to Destiny at her father's apartment.

The court found an oral month-to-month lease between decedent and plaintiff, but specifically rejected the use of Maglies as the analytical framework for determining whether Destiny's status had changed from apartment occupant to tenant.

The trial court found Destiny a tenant-in-fact and denied plaintiff judgment of possession. Plaintiff appealed, contending the December 30, 2017 letter should not have been admitted at trial and also contending that the court erred in not applying the principles of Maglies to decide Destiny's status as an occupant or tenant.

II.

Our review of a trial court's verdict following a bench trial is limited. We may disturb the trial court's "factual findings and legal conclusions" only if "we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (alteration in original) (quoting In re Tr. Created By Agreement Dated Dec. 20, 1961, 194 N.J. 276, 284 (2008)).

In reviewing a trial court's findings, "[w]e do not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence."

4

Mountain Hill, L.L.C. v. Twp. of Middletown, 399 N.J. Super. 486, 498 (App. Div. 2008) (alteration in original) (quoting State v. Barone, 147 N.J. 599, 615 (1997)). However, we owe no deference to the "trial court's interpretation of the law and the legal consequences that flow from established facts . . . ." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

### III.

Plaintiff argues the trial court erred in finding Destiny a tenant-in-fact, and in making such a finding, the court failed to follow the standard set forth in Maglies. We agree. [2]

The Supreme Court has recognized that an apartment occupant can become a functional tenant with all of the rights available to tenants under New Jersey law. Maglies, 193 N.J. at 125-26. For our courts to recognize someone as a functional tenant, an occupant must establish three facts: (1) they have continuously resided at the premises; (2) they have "been a substantial contributor toward satisfaction of the tenancy's financial obligations"; and (3)

---

[2] We affirm the trial court's decision to admit the December 30, 2017 letter. "To be sure, 'a trial court is afforded considerable latitude regarding the admission of evidence, and is to be reversed only if the court abused its discretion.'" Alves v. Rosenberg, 400 N.J. Super. 553, 562 (App. Div. 2008) (quoting State v. Nelson, 173 N.J. 417, 470 (2002)). After a thorough review of the record, we are satisfied that the trial court did not abuse its discretion.

A-3129-20

their "contribution has been acknowledged and acquiesced to by" the landlord. Id. at 126.

In reaching the legal conclusion that Destiny's status transformed from occupant to tenant, the trial court failed to apply Maglies to the facts developed at trial. Indeed, the trial court expressly declined to apply Maglies. Consequently, we vacate the order denying judgment of possession without prejudice and remand to the trial court. We direct the trial court to use the principles established in Maglies to determine whether Destiny is a functional tenant, and then enter an appropriate final judgment. The trial court may, in its sound discretion, require additional submissions from the parties or take additional testimony to carry out our directive.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3129-20